# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2012

Lyle W. Cayce
Clerk

No. 11-20034
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KRISTEN ANNE WAY,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-394-5

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kristen Anne Way challenges the below-Guidelines'-sentencing-range sentence imposed following her jury-trial convictions for: conspiracy to commit mail and wire fraud; aiding and abetting wire fraud; conspiracy to commit money laundering by engaging in financial transactions in criminally derived property; engaging in monetary transactions involving criminally derived property; and aiding and abetting money laundering. With an advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range of 151-188 months, Way was sentenced to 51-months' imprisonment.

Way first contends the district court erred in imposing an 18-level sentencing enhancement pursuant to Sentencing Guideline § 2B1.1(b)(1)(J) based on the amount of loss involved in the offenses. She claims the enhancement was error because the Presentence Investigation Report (PSR): contains no evidence to establish the method used to value the collateral; did not contain an evaluation of the factors listed in *United States v. Goss*, 549 F.3d 1013, 1018 (5th Cir. 2008); and did not refer to the fair market value of comparable sold properties. The Government contends Way waived this issue at sentencing, when Way's counsel stated that "the way [the probation officer has] done it in this case is technically right under the guidelines". Because Way's counsel also filed an objection to the enhancement (contending crash in real estate market responsible for portion of loss), the record does not clearly indicate that Way waived any objection to this enhancement. Because Way did not raise in district court the specific objection she now raises on appeal, however, review is limited only to plain error. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's application of the enhancement was not plain (clear or obvious) error. The PSR and the Second Addendum to the PSR stated that Way was responsible for a total loss of approximately $6,012,191. The PSR based that calculation on the loans in which Way acted as a licensed loan officer and received monetary compensation. The PSR also included a chart showing the total amount of the original loans and the amount of loss suffered by the lenders. The probation officer explained: the value of the real estate pledged as collateral for the loans was credited against the loss from the fraudulent loans; the loss amount did not include any fees, penalties, or interest; and the loss amount was determined based on documents obtained from lenders, title companies, Way's employer, and interviews with witnesses. The district court was entitled to

adopt the PSR's findings without additional inquiry because the facts had an evidentiary basis with sufficient indicia of reliability, and Way did not present rebuttal evidence to show that the collateral was not properly valued or demonstrate that the information was materially unreliable. *See United States v. Scher*, 601 F.3d 408, 413-14 (5th Cir. 2010).

Way also maintains the district court erred in imposing a two-level enhancement for use of sophisticated means under Guideline § 2B1.1(b)(9)(C) because: there was nothing "especially complex" or "especially intricate" about the offenses; and there was no evidence of corporate shells, offshore financial accounts, or that the Government faced unusual hurdles in investigating and gathering evidence. Whether an offense involved sophisticated means is a factual determination that is reviewed for clear error. *E.g.*, *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008). Way has not shown that the district court clearly erred in imposing the enhancement. *See, e.g.*, *United States v. Wright*, 496 F.3d 371, 379 (5th Cir. 2007) (affirming sophisticated means adjustment for real estate scheme in which defendant used funds from his own account to purchase cashier's checks for home purchasers to make them appear creditworthy to lenders).

Finally, Way maintains the district court erred in imposing a two-level enhancement for her abuse of a position of trust under Guideline § 3B1.3, because: she had an ordinary, arms-length relationship with the lenders involved; and there was no evidence that her position enabled her to commit or conceal the offenses. Review of the district court's abuse-of-trust determination is for clear error. *E.g.*, *Wright*, 496 F.3d at 375. Because Way was a licensed loan officer working for a mortgage brokerage office, the lenders expected Way to perform due diligence in preparing loan packages and trusted her to verify and submit accurate and truthful information in loan applications. *See* U.S.S.G. § 3B1.3 & cmt. n.4 (authorizing adjustment when defendant uses special skill and explaining that to commit or conceal offense "refers to a skill not possessed

by members of the general public and usually requiring substantial education, training, or licensing"). Way also used her position and knowledge as a licensed loan officer to recruit borrowers, submit false loan applications and false verification information, to obtain and conceal loan proceeds, and to avoid problems with credit bureaus.

AFFIRMED.